IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XUEPING FANG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WUXI BIOLOGICS USA LLC & | : | |
| WUXI & BIOLOGICS CO., LTD | : | NO. 24-172 |

**MEMORANDUM**

**Padova, J.**                                                                                                                     **August 6, 2024**

Plaintiff has brought the instant proceeding against her former employers, WuXi Biologics USA LLC and WuXi Biologics Co., Ltd., asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951 et seq. ("PHRA"). Plaintiff has moved for leave to file a Second Amended Complaint adding WuXi Biologics Cayman Inc. ("WuXi Cayman") as a Defendant. We deny the Motion without prejudice for the reasons stated below.

**I.     BACKGROUND**

The First Amended Complaint alleges the following facts. Defendants WuXi Biologics USA LLC and WuXi Biologics Co., Ltd ("Defendants") are both headquartered in China but "collectively maintain and operate offices in Pennsylvania." (1st Am. Compl. ¶ 6.) Defendants share common ownership and utilize common office locations, personnel policies, and employment practices. (Id. ¶ 9.) Defendants present themselves as a single company to third parties. (Id. ¶ 8.) Plaintiff was hired by Defendants in February 2017. (Id. ¶ 25.) She was Department Head and Senior Director of Analytical Development in Defendants' King of Prussia,

Pennsylvania offices. (Id. ¶¶ 7, 26.) Defendants terminated Plaintiff's employment in February 2022, when she was 43 years old. (Id. ¶ 3.)

While she was employed by Defendants, Plaintiff experienced and observed age discrimination, including making training programs, awards and promotions available only to younger employees, favoring and praising younger employees; and paying younger employes more than older employees. (Id. ¶¶ 31a, 34, 36, 39.) At the same time, Defendants ignored and excluded older employees; unjustly criticized older employees; and treated older elmployees in a hostile and dismissive manner. (Id. ¶¶ 33, 35, 37-38.)

Beginning in March 2021, Plaintiff reported to Wenjie Cheng, a Vice President and Site Head for Defendants. (Id. ¶¶ 27, 40.) Cheng unfavorably compared older employees to younger employees and told Plaintiff that younger employees should be given more opportunities than older employees. (Id. ¶¶ 41-42.) She also preferred to hire and retain younger employees over older employees. (Id. ¶ 57.) Plaintiff objected to Cheng's discriminatory comments and refused to restrict hiring and retention to younger employee. (Id. ¶¶ 43, 59-60.)

In January and February 2022, Plaintiff requested FMLA leave to take care of her mother after her father's death and to address her own mental health condition. (Id. ¶ 66) On February 7, 2022, Plaintiff met with Defendants' Human Resources to complain that Cheng was treating older employees unfairly. (Id. ¶ 73.) On February 11, 2022, Plaintiff met with Cheng and again mentioned her belief that older employees should be treated equally with younger employees and that older employees should also receive praise and credit. (Id. ¶ 74.) On February 18, 2022, Plaintiff met with Cheng and Hart, who terminated her employment with Defendants effective on March 28, 2022. (Id. ¶ 75.) Cheng and Hart told Plaintiff that her position was being eliminated and that her termination was not related to her performance. (Id. ¶¶ 76-77.) However, in an April

2

1, 2022 townhall meeting, Chris Zhisheng Chen, Defendants' Chief Executive Officer, denied that Defendants had a recent layoff.  (Id. ¶¶ 29, 83.)

The First Amended Complaint asserts claims against Defendants for violation of the ADEA (Count I), violation of the FMLA (Count II), and violation of the PHRA (Count III).  Plaintiff filed the first Complaint in this action on January 12, 2024.  She filed the First Amended Complaint on January 16, 2024.  Defendant WuXi Biologics USA LLC filed its Answer to the First Amended Complaint on April 29, 2024.  Plaintiff filed a Second Amended Complaint on May 7, 2024.  That Complaint was dismissed without prejudice on May 9, 2024, because Plaintiff failed to first file a motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff filed the instant Motion for Leave to File Second Amended Complaint on May 15, 2024.  Defendant WuXi Biologics USA LLC opposes the Motion.[1]

## II.   LEGAL STANDARD

Plaintiff seeks leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15, adding WuXi Cayman as a Defendant.  Rule 15 provides that "[a] party may amend its pleading once as a matter of course . . . ."  Fed. R. Civ. P. 15(a)(1).  For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Decisions on motions for leave to amend are committed to the sound discretion of the district court.  Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990) (citations omitted).  Nevertheless, the court must freely give leave to amend "[i]n the absence of any apparent or declared reason— such as . . . futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."

---

[1] Defendant WuXi Biologics Co., Ltd has not been served in this case.

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). In determining whether an amendment would be futile, the court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citing Burlington, 114 F.3d at 1434) (add'l citation omitted).  Thus, "the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) (citing Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, we "need not 'accept as true a legal conclusion couched as a factual allegation.'"  Host Int'l, Inc.. MarketPlace PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the]

4

misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Under this standard, a complaint need not plead all of the facts necessary to prove each element of the plaintiff's claims; it need only allege enough facts to "'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (alteration in original) (quoting Fowler, 578 F.3d at 213). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

Plaintiff contends that she seeks to add Wuxi Cayman as a Defendant in this action because she has learned, since she filed the First Amended Complaint, that Wuxi Cayman was also her employer. The proposed Second Amended Complaint would add WuXi Cayman to the list of defendants in the Introduction to the First Amended Complaint and add a new paragraph 6, which states as follows: "Defendant WuXi Biologics Cayman Inc. is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania." (Compare 1st Am. Compl. Intro, with Proposed 2d Am. Compl. Intro. and ¶ 6.) Plaintiff states in her Motion that "[a]side from adding that named Defendant, no substantive changes were made and no additional claims or statutes were added." (Mot. at 2.) In fact, the proposed Second Amended Complaint adds no other factual allegations and does not allege any facts regarding Plaintiff's employment

relationship with WuXi Cayman or the relationship between WuXi Cayman and the two previously identified Defendants.

      A.      <u>Treating the Three Companies as a Single Employer</u>

Defendant WuXi Biologics USA LLC opposes the Motion on the ground that allowing Plaintiff to amend the Complaint a second time would be futile because the proposed Second Amended Complaint fails to plead facts that would show that WuXi Cayman was Plaintiff's employer. Plaintiff maintains that the proposed Second Amended Complaint contains sufficient factual allegations to plausibly allege that the three identified companies operated as an integrated enterprise that constituted a single employer.

Plaintiff relies on <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72 (3d Cir. 2003), in which the United States Court of Appeals for the Third Circuit determined that affiliated companies can be aggregated for purposes of an employment discrimination case where their "affairs are so interconnected that they collectively caused the alleged discriminatory employment practice." <u>Id.</u> at 86. However, "substantive consolidation is an equitable remedy and is difficult to achieve." <u>Id.</u> The Third Circuit has determined that we should look at the following non-exclusive factors to determine whether companies may be aggregated for Title VII purposes:

> (1) "the degree of unity between the entities with respect to ownership, management (both directors and officers), and business functions (e.g., hiring and personnel matters)"; (2) "whether they present themselves as a single company such that third parties dealt with them as one unit"; (3) "whether a parent company covers the salaries, expenses, or losses of its subsidiary"; and (4) "whether one entity does business exclusively with the other."

<u>Ugorji v. New Jersey Env't Infrastructure Tr.</u>, 529 F. App'x 145, 150 (3d Cir. 2013) (quoting <u>Nesbit</u>, 347 F.3d at 87). However, "'[i]n the absence of more significant operational entanglement, common ownership and *de minimis* coordination in hiring are insufficient bases to disregard the separate corporate forms.'" <u>Vitalis v. Sun Constructors, Inc.</u>, 481 F. App'x 718, 728 (3d Cir. 2012)

(quoting Nesbit, 347 F.3d at 89). "'Discovery is often necessary before a plaintiff can reliably define the contours of the employment relationship.'" Wadley v. Kiddie Acad. Int'l, Inc., Civ. A. No. 17-5745, 2018 WL 4732479, at *3 (E.D. Pa. Oct. 1, 2018) (quoting Anderson v. Finley Catering Co., 218 F. Supp. 3d 417, 423 (E.D. Pa. 2016)). "Furthermore, Courts within the Third Circuit have held that the 'employment relationship can only be established by a careful factual inquiry,' and have allowed pleadings with a thin factual record to survive a motion to dismiss." Id. (quoting Graves v. Lowery, 117 F.3d 723, 729 (3d Cir. 1997)) (citations omitted).

The proposed Second Amended Complaint contains the following allegations regarding the relationship of the Defendants, including WuXi Cayman:

> 9. Upon information and belief, Defendants collectively presented themselves as a single company such that third parties dealt with them as one unit.
>
> 10. Upon information and belief, each named Defendant shared with the other, *inter alia*, common ownership, office locations, personnel policies, and employment practices.
>
> 11. Defendants are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the unlawful actions complained of herein.

(Proposed 2d Am. Compl. ¶¶ 9-11.) These allegations are identical to the allegations regarding the relationship of Defendants WuXi Biologics USA LLC and WuXi Biologics Co., Ltd in the First Amended Complaint. (See 1st Am. Compl. ¶¶ 8-10.) Moreover, the proposed Second Amended Complaint contains no specific factual allegations that support these conclusory allegations. The proposed Second Amended Complaint also lacks factual allegations regarding which of the companies named therein "had hiring and firing authority," which of the companies had authority to supervise or discipline Plaintiff, and which of the companies "promulgated work policies and assignments, set employee schedules, or determined compensation and benefits." Lopez v. Lancaster Farm Fresh Organics, LLC, Civ. A. No. 21-1862, 2021 WL 3884296, at *5

(E.D. Pa. Aug. 31, 2021) (concluding that complaint failed to allege facts showing quoted factors and, thus, failed to allege that defendants were a single employer). We conclude that the proposed Second Amended Complaint fails to include sufficient facts to plausibly allege that WuXi Cayman is so interconnected with WuXi Biologics USA LLC and WuXi Biologics Co., Ltd, that the three may be considered a single or consolidated employer of Plaintiff. We further conclude, accordingly, that it would be futile to allow Plaintiff to file the proposed Second Amended Complaint because the proposed Second Amended Complaint fails to allege employment discrimination claims against WuXi Cayman upon which relief could be granted. See Shane, 213 F.3d at 115 (citation omitted).

We recognize that Plaintiff has included some specific factual allegations regarding WuXi Cayman in a Declaration that she attached to her Reply in Further Support of her Motion for Leave to File Second Amended Complaint. (See Docket No. 14-2.) She states in her Declaration that, during her employment, some of her compensation was paid by WuXi Cayman. (Decl. ¶ 1.) In addition, she participated in WuXi Cayman's Pre-IPO Share Option Scheme during her employment. (Id. ¶ 2.) She also participated in WuXi Cayman's Post-IPO Share Option Scheme during her employment, at the invitation of WuXi Cayman, to reward her for her contribution to WuXi Biologic's future growth. (Id. ¶¶ 4-5.) Plaintiff's Declaration also includes specific factual allegations that Dr. Weichang Zhou, to whom Plaintiff's superior Wenjie Cheng reported, and Dr. Zhishen Chen, to whom Zhou reported (lst Am. Compl. ¶¶ 28-29), also held leadership positions with WuXi Cayman (Decl. ¶¶ 7-8.). While these facts may be relevant to the issue of whether WuXi Cayman employed Plaintiff, they are not alleged in the proposed Second Amended Complaint and we cannot consider them in connection with our determination of whether allowing Plaintiff to file the Second Amended Complaint would be futile. See Shane, 213 F.3d at 115

(citation omitted). Nonetheless, we note that it appears that Plaintiff is aware of facts that, if included in a second amended complaint, could contribute to a facially plausible employment discrimination claim against WuXi Cayman as a single employer with the two previously named Defendants.

B.  Exhaustion of Administrative Remedies

Defendant also argues that further amendment of the First Amended Complaint in this case to add WuXi Cayman as a Defendant would be futile because Plaintiff failed to exhaust her administrative remedies against WuXi Cayman. Before commencing an ADEA action in federal court, a plaintiff must exhaust her administrative remedies by filing a timely Charge of Discrimination with the EEOC and receiving a right-to-sue letter from the EEOC after it investigates the Charge. See 29 U.S.C. § 626(d)(1); Watson v. Bd. of Dirs., Civ. A. No. 05-5760, 2006 WL 2506359, at *2 (E.D. Pa. Aug. 29, 2006) ("To properly file a civil action in district court pursuant to the ADEA . . . [p]laintiffs generally must exhaust their administrative remedies and receive a right-to-sue letter from the administrative agency that investigated the complaint." (citing Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56 (3d Cir. 1985)). The exhaustion requirement both encourages the settlement of "disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court," Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996), and puts the employer "on notice of the claims likely to be filed against it." Barzanty v. Verizon Pa., Inc., 361 F. App'x 411, 414 (3d Cir. 2010) (citing 42 U.S.C. §§ 2000e-5(b), (e)(1)). "The PHRA similarly requires that claims be brought first to an administrative agency . . ., which has exclusive jurisdiction over the claim for a period of one year in order to investigate and, if possible, conciliate the matter." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 471 (3d Cir. 2001) (citation omitted).

Plaintiff does not deny that she did not specifically exhaust her administrative remedies with respect to her ADEA and PHRA claims against WuXi Cayman. However, she maintains that she need not do so because WuXi Cayman received notice of her jointly filed EEOC and PHRA claims and shares a commonality of interest with WuXi Biologics USA, LLC and WuXi Biologics Co., Ltd, which were both identified as defendants to her EEOC and PHRA claims. (See 1st Am. Compl. Ex. 2 at 2 of 13.)

"Courts generally recognize an 'identity of interest' exception to the named-party requirement for EEOC charges." Kern v. Phoenixville Hosp., LLC, 342 F.R.D. 324, 329 (E.D. Pa. 2022). "In the context of a Title VII action, the Third Circuit has held that a plaintiff may bring a case against a party that was not named in its EEOC charge if 'the unnamed party received notice and . . . there is a shared commonality of interest with the named party.'" Id. (quoting Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, 903 F.2d 243, 252 (3d Cir. 1990)); see also Turk v. Salisbury Behav. Health, Inc., Civ. A. No. 09-6181, 2010 WL 1718268, at *2 (E.D. Pa. Apr. 27, 2010) (applying Schafer's commonality of interest holding to ADEA claims); Patton v. SEPTA, Civ. A. No. 06-707, 2007 WL 219938, at *6 (Jan. 26, 2007) (applying Schafer's commonality of interest holding to PHRA claims). Courts consider the following factors in determining whether an unnamed party shares a commonality of interest with a named party:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar [to] the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Kern, 342 F.RD at 329 (alterations in original) (quoting Lowenstein v. Cath. Health E., 820 F.Supp.2d 639, 646 (E.D. Pa. 2011)); see also Glus v GC Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977) (same).

Plaintiff contends that WuXi Cayman received notice of her claim through its Executive Directors and Board Members, Zhou and Chen, who were named in her EEOC complaint. (See 1st Am. Compl. Ex. 2 at 3 of 13.) She relies on Pina v. Henkel Corp., Civ. A. No. 07-4048, 2008 WL 819901 (E.D. Pa. Mar. 26, 2008), in which we concluded that the notice requirement was satisfied as to the parent company of the corporation charged in the plaintiff's administrative complaint where the administrative complaint mentioned the parent company several times. Id. at *7. Specifically, the administrative complaint in Pina identified two individuals as executives of the parent company, mentioned a human resources company hired by the parent company, mentioned that the parent company sent the plaintiff to a training program, and mentioned that one of the identified executives of the parent company made the decision to review candidates for the plaintiff's position. Id. We concluded that the administrative complaint satisfied the notice requirement because it contained numerous references to the parent company which linked the parent company to the discriminatory conduct and because it described the parent company's corporate relationship with two of the parties named in the administrative complaint. Id.

Plaintiff also maintains that WuXi Cayman shares a commonality of interest with the two defendants named in her EEOC Charge because they operated an integrated enterprise which collectively employed her. She also argues that WuXi Cayman was not prejudiced by being omitted from the EEOC Charge because the EEOC proceeding was resolved in favor of the named defendants. (See 1st Am. Compl. Ex. 3 (EEOC Determination and Notice of Rights (notifying Plaintiff that her EEOC Charge had been dismissed).) We have examined the four factors that the

11

Third Circuit has directed we consider in determining whether a party that was not named in an EEOC Charge shares a commonality of interests with a named party. The proposed Second Amended Complaint alleges no facts that shed light on "'whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.'" Kern, 342 F.R.D. at 329 (quoting Lowenstein, 820 F. Supp. 2d at 646). Similarly, the proposed Second Amended Complaint fails to allege facts that would demonstrate that the interests of the parties named in Plaintiff's EEOC complaint are so similar to the interests of WuXi Cayman that "it would be unnecessary to include [WuXi Cayman] in the EEOC proceedings." Id. (quoting Lowenstein, 820 F. Supp. 2d at 646). It appears, from the dismissal of Plaintiff's EEOC Charge, that WuXi Cayman was not prejudiced by its absence from the EEOC proceedings. Id. (quoting Lowenstein, 820 F. Supp. 2d at 646); (1st Am. Compl. Ex. 3). Finally, the proposed Second Amended Complaint contains no allegations of fact regarding any representations by WuXi Cayman to Plaintiff regarding their relationship. Kern, 342 F.R.D. at 329 (quoting Lowenstein, 820 F. Supp. 2d at 646). However, based on Plaintiff's Declaration, which we cannot consider in connection with the instant Motion, Shane, 213 F.3d at 115 (citing Burlington, 114 F.3d at 1434), it appears that Plaintiff is aware of facts that could plausibly show that WuXi Cayman was notified of Plaintiff's EEOC Charge and shared a commonality of interests with the defendants named in Plaintiff's EEOC Charge such that Plaintiff was not required to separately exhaust her ADEA and PHRA claims against it.

IV.     **CONCLUSION**

For the reasons stated above, we conclude that it would be futile to allow Plaintiff to file the proposed Second Amended Complaint because Plaintiff's claims against WuXi Cayman would not be able to withstand a motion to dismiss pursuant to Rule 12(b)(6). See Centifanti, 865 F.2d

at 1431 (citing Massarsky, 706 F.2d at 125). However, Plaintiff has filed a Declaration containing facts relevant to both whether WuXi Cayman may be aggregated with WuXi Biologics Co., Ltd and WuXi Biologics USA LLC for purposes of Plaintiff's employment discrimination claims and to whether the three companies share a commonality of interest for the purposes of determining whether Plaintiff has satisfied her obligation to exhaust her ADEA and PHRA claims against WuXi Cayman. Accordingly, we deny the instant Motion for Leave to File Second Amended Complaint without prejudice to Plaintiff filing a new motion for leave to file an amended complaint that plausibly alleges (1) that WuXi Cayman may be aggregated with WuXi Biologics Co., Ltd and WuXi Biologics USA LLC for purposes of Plaintiff's employment discrimination claims; (2) that WuXi Cayman was notified of Plaintiff's EEOC Charge; and (3) that the three companies share a commonality of interest such that Plaintiff has satisfied her obligation to exhaust her ADEA and PHRA claims against WuXi Cayman.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.